BEFORE THE UNITED STATES JUDICIAN PANEL

ON MULTIDISTRICT LITIGATION

IN RE:  MDL NO. 3018

**NEC NETWORKS, LLC d/b/a CaptureRX**

**Customer Data Security Breach Litigation**

## PLAINTIFF NEWMAN'S OPPOSITION TO MOTION TO TRANSFER AND CONSOLIDATE FOR COORDINATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. §1407

Comes now the Plaintiff, Lionel Newman, individually and on behalf of all others similarly situated, for his Opposition to Motion to Transfer and Consolidate for Coordinated Pretrial Proceedings Under 28 U.S.C. §1407, and asserts as follows.

1. NEC Networks, LLC D/B/A/ CaptureRX has filed its Rule 26(a)(1) Initial Disclosures within *Newman v. Davis Health System, Inc., and NEC Networks, LLC,* Case No.: 2:21-CV-00019 pending in the United States District Court for the Northern District of West Virginia, and as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iv) disclosed its "insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment" to exclusively include "a DigiTech Enterprise Risk Management Policy issued by Ace American Insurance Company with limits of $2,000,000 for the policy period of June 17, 2020 through June 17, 2021." See Exhibit 1. All cases proposed for transfer to the MDL include

different point of access defendants[1] which are not common among each case. For example, Lionel Newman, and all the individuals he seeks to represent, shared PHI and PII with a local West Virginia hospital, Davis Medical Center, not directly with NEC/CaptureRX. Because NEC/CaptureRX has disclosed its exclusive insurance coverage to include a single policy of insurance with only a single $2,000,000 policy limit, NEC/CaptureRX is a secondary underinsured party in each case and the primary claims in each case will be against the various local point of access defendants[2]. For Lionel Newman, and all persons he seeks to represent, the primary target Defendant is Davis Health System, Inc. It is now clear, that entity failed to perform its due diligence before sharing the PHI and PII of Lionel Newman with NEC/CaptureRX. The local point of access defendants in each case lacks commonality and the provisions of 28 U.S.C. §1407 requiring common questions of fact, convenience of parties and witnesses, and promotion of just and efficient conduct of the actions is not satisfied by transfer and consolidation.

2. The cases identified for proposed Transfer and Consolidation for Pretrial Proceedings present essentially no common questions of fact that are in dispute or require extensive discovery and litigation. NEC/CaptureRX issued form letters to all individuals whose PHI and PII was breached and compromised and admitted NEC/CaptureRX possessed the personal information, NEC/CaptureRX failed to prevent the breach of the personal data it had a duty to protect, NEC/CaptureRX failed to timely discover the breach for at least 41 days, and NEC/CaptureRX failed to timely notify Lionel Newman of the breach for at least an additional

---

[1] Individuals did not directly share their personal health information and personal identifiable information with NEC/CaptureRX. Instead, each individual shared their information with local "point of access defendants" and each of those local companies shared the data, presumably through Business Associate Agreements, with NEC/CaptureRX.
[2] NEC/CaptureRX has filed a pleading within *Newman, Civil Action No.: 2:21-CV-00019* representing that it failed to protect the data of "nearly 1.7 million individuals". NEC/CaptureRX lacks insurance to even provide $1.00 to each of the people it has harmed.

47 days. The factual elements which lay the foundation for Lionel Newman's West Virginia state law based claims are known, and are not in dispute. The Motion seeking transfer identifies no specific common questions of fact that require extensive discovery or resolution by an MDL. While the acts which give rise to NEC/Capture's liability may be the same for many individuals, the facts are not in dispute and the civil actions don't present common questions of fact that need resolved. Instead, the development of each case will be driven by resolution of the individual state questions of law. The laws of West Virginia, Texas, California, Pennsylvania, and Missouri differ substantially on the breath, scope and damages permitted for invasion of privacy claims, and the statutory, and common law tort claims based upon the wrongful disclosure of medical and personal health information. The respective Courts in which all the cases are currently pending can most conveniently and efficiently conduct the actions to focus discovery involving the point of access defendants to quickly resolve the questions of law which will drive resolution of most of the state law based claims. Plainly stated, NEC/CaptureRX's breach is not in dispute and there are no common questions of fact the parties need an MDL to resolve. Common legal questions do not satisfy §1407's requirement of common factual questions. *In re: Medi-Cal Reimbursement Rate Reduction Litig.*, 652 F.Supp. 2d 1378, 1379 (J/P.M.L. 2009); *In re: Real Estate Transfer Tax Litig.*, 895 F.Supp. 2d 1350, 1351 (J.P.M.L. 2012).

3. Lionel Newman originally filed his lawsuit in Upshur County, West Virginia on May 28, 2021. NEC/CaptureRX removed that case to the United States District Court for the Northern District of West Virginia. Plaintiff Newman filed a Motion to Remand and supporting Memorandum of law, NEC/CaptureRX responded to that Motion, and Plaintiff Newman has submitted his reply brief. The issues challenging the exercise of jurisdiction over the Newman case are fully briefed and currently pending before the Newman Court. The parties and the West

3

Virginia District Court have already invested time and resources and permitting the Newman Court to rule on the pending Motion before any decision on transfer and consolidation of that case furthers interests of efficiency and judicial economy. If the Newman Court remands the claim, the transfer and consolidation issue is resolved as to the Newman Complaint. *Meyers v. Bayer, AG*, 143 F.Supp.2d 1044 (E.D. WI. 2001); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 54 F.Supp.2d 1042, 1055 (D.Kan.1999) (denying motion to stay and considering and granting motion to remand); *Tortola Rests., L.P. v. Kimberly–Clark Corp.*, 987 F.Supp. 1186, 1188–89 (N.D.Cal.1997).

WHEREFORE, the Plaintiff Newman respectfully requests the entry of an Order denying the Motion to Transfer and Consolidate for Coordinated Pretrial Proceedings under 28 U.S.C. §1407. Alternatively, this Court should delay a decision on transferring and consolidating the Newman Complaint until the United States District Court for the Northern District of West Virginia rules on the pending Motion to Remand. Plaintiff seeks such other and further relief as this Honorable Court deems appropriate.

**LIONEL NEWMAN,**

**By Counsel**

/ s/ William M. Tiano
William M. Tiano (WVSB # 4308)
Tony L. O'Dell (#5770)
Cheryl A. Fisher (#6379)
TIANO O'DELL PLLC
Post Office Box 11830
Charleston, West Virginia 25339
(304) 720-6700
wtiano@tolawfirm.com
*Counsel for Plaintiff Lionel Newman*