**BEFORE THE UNITED STATES JUDICIAN PANEL**

**ON MULTIDISTRICT LITIGATION**

IN RE:                                                                          MDL NO. 3018

**NEC NETWORKS, LLC d/b/a CaptureRX**

**Customer Data Security Breach Litigation**

**PLAINTIFF TIGNOR'S OPPOSITION TO MOTION TO TRANSFER AND
CONSOLIDATE FOR COORDINATED PRETRIAL PROCEEDINGS
UNDER 28 U.S.C. §1407**

Comes now the Plaintiff, Kimberly Tignor, individually and on behalf of all others similarly situated, for her Opposition to Motion to Transfer and Consolidate for Coordinated Pretrial Proceedings Under 28 U.S.C. §1407, and asserts as follows.

1.      NEC Networks, LLC D/B/A/ CaptureRX has filed its Rule 26(a)(1) Initial Disclosures within *Newman v. Davis Health System, Inc., and NEC Networks, LLC,* Case No.: 2:21-CV-00019 pending in the United States District Court for the Northern District of West Virginia, and as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iv) disclosed its "insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment" to exclusively include "a DigiTech Enterprise Risk Management Policy issued by Ace American Insurance Company with limits of $2,000,000 for the policy period of June 17, 2020 through June 17, 2021." See Exhibit 1.  All cases proposed for transfer to the MDL include

1

different point of access defendants[1] which are not common among each case.   For example, Kimberly Tignor, and all the individuals she seeks to represent, shared PHI and PII with a local West Virginia clinic, Camden-on-Gauley Medical Center, Inc., not directly with NEC/CaptureRX.  The deadline for NEC/CaptureRX to disclose its insurance information in the Tignor case is September 30, 2021.  Plaintiff Tignor anticipates NEC/CaptureRX will disclose the same single $2,000,000 policy limit as disclosed in the Newman case.  Because NEC/CaptureRX has disclosed its exclusive insurance coverage to include a single policy of insurance with only a single $2,000,000 policy limit, NEC/CaptureRX is a secondary underinsured party in each case and the primary claims in each case will be against the various local point of access defendants[2].  For Kimbelry Tignor, and all persons she seeks to represent, the primary target Defendant is Camden-on-Gauley Medical Center, Inc.  It is now clear, that entity failed to perform its due diligence before sharing the PHI and PII of Kimberly Tignor with NEC/CaptureRX.  The local point of access defendants in each case lacks commonality and the provisions of 28 U.S.C. §1407 requiring common questions of fact, convenience of parties and witnesses, and promotion of just and efficient conduct of the actions is not satisfied by transfer and consolidation.

2.      The cases identified for proposed Transfer and Consolidation for Pretrial Proceedings present essentially no common questions of fact that are in dispute or require extensive discovery and litigation.  NEC/CaptureRX issued form letters to all individuals whose PHI and PII was breached and compromised and admitted NEC/CaptureRX possessed the

---

[1] Individuals did not directly share their personal health information and personal identifiable information with NEC/CaptureRX.  Instead, each individual shared their information with local "point of access defendants" and each of those local companies shared the data, presumably through Business Associate Agreements, with NEC/CaptureRX.

[2] NEC/CaptureRX has filed a pleading within *Tignor*, *Civil Action No.: 2:21-CV-00018* representing that it failed to protect the data of "nearly 1.7 million individuals".  NEC/CaptureRX lacks insurance to even provide $1.00 to each of the people it has harmed.

personal information, NEC/CaptureRX failed to prevent the breach of the personal data it had a

duty to protect, NEC/CaptureRX failed to timely discover the breach for at least 41 days, and

NEC/CaptureRX failed to timely notify Kimberly Tignor of the breach for at least an additional

47 days.  The factual elements which lay the foundation for Kimberly Tignor's West Virginia

state law based claims are known, and are not in dispute.  The Motion seeking transfer identifies

no specific common questions of fact that require extensive discovery or resolution by an MDL.

While the acts which give rise to NEC/Capture's liability may be the same for many individuals,

the facts are not in dispute and the civil actions do not present common questions of fact that

need resolved.  Instead, the development of each case will be driven by resolution of the

individual state questions of law.  The laws of West Virginia, Texas, California, Pennsylvania,

and Missouri differ substantially on the breath, scope and damages permitted for invasion of

privacy claims, and the statutory, and common law tort claims based upon the wrongful

disclosure of medical and personal health information.  The respective Courts in which all the

cases are currently pending can most conveniently and efficiently conduct the actions to focus

discovery involving the point of access defendants to quickly resolve the questions of law which

will drive resolution of most of the state law based claims.  Plainly stated, NEC/CaptureRX's

breach is not in dispute and there are no common questions of fact the parties need an MDL to

resolve.  Common legal questions do not satisfy §1407's requirement of common factual

questions.  *In re: Medi-Cal Reimbursement Rate Reduction Litig*., 652 F.Supp. 2d 1378, 1379

(J/P.M.L. 2009); *In re: Real Estate Transfer Tax Litig*., 895 F.Supp. 2d 1350, 1351 (J.P.M.L.

2012).

      3.     Kimberly Tignor originally filed her lawsuit in Webster County, West Virginia on

May 19, 2021.  NEC/CaptureRX removed that case to the United States District Court for the

Northern District of West Virginia.  Plaintiff Tignor filed a Motion to Remand and supporting Memorandum of law, NEC/CaptureRX responded to that Motion, and Plaintiff Tignor has submitted her reply brief.  The issues challenging the exercise of jurisdiction over the Tignor case are fully briefed and currently pending before the Tignor Court.  The parties and the West Virginia District Court have already invested time and resources and permitting the Tignor Court to rule on the pending Motion before any decision on transfer and consolidation of that case furthers interests of efficiency and judicial economy.  If the Tignor Court remands the claim, the transfer and consolidation issue is resolved as to the Tingor Complaint.  *Meyers v. Bayer, AG*, 143 F.Supp.2d 1044 (E.D. WI. 2001); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 54 F.Supp.2d 1042, 1055 (D.Kan.1999) (denying motion to stay and considering and granting motion to remand); *Tortola Rests., L.P. v. Kimberly–Clark Corp.,* 987 F.Supp. 1186, 1188–89 (N.D.Cal.1997).

WHEREFORE, Plaintiff Tignor respectfully requests the entry of an Order denying the Motion to Transfer and Consolidate for Coordinated Pretrial Proceedings under 28 U.S.C. §1407.  Alternatively, this Court should delay a decision on transferring and consolidating the Tignor Complaint until the United States District Court for the Northern District of West Virginia rules on the pending Motion to Remand.  Plaintiff seeks such other and further relief as this Honorable Court deems appropriate.

**KIMBERLY TIGNOR,**

**By Counsel**

4

/ s/ William M. Tiano
William M. Tiano (WVSB # 4308)
Tony L. O'Dell (#5770)
Cheryl A. Fisher (#6379)
TIANO O'DELL PLLC
Post Office Box 11830
Charleston, West Virginia  25339
(304) 720-6700
wtiano@tolawfirm.com
*Counsel for Plaintiff Lionel Newman*