BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: NEC Networks, LLC d/b/a CaptureRx Customer Data Security Breach Litigation | MDL DOCKET NO.: 3018 |

**RESPONSE TO MOTION TO TRANSFER CASE FOR COORDINATED PROCEEDINGS IN MULTIDISTRICT LITIGATION UNDER 28 U.S.C. § 1407**

Camden-on-Gauley Medical Center, Inc. is one of the defendants in *Tignor v. Camden-on-Gauley Medical Center, Inc. et al*, Case No. 2:21-CV-18, one of the cases pending in West Virginia over the CaptureRx data security incident. The primary defendant in these cases, NEC Networks, LLC d/b/a Capture Rx, is headquartered in San Antonio, Texas; evidence of the data security incident underlying these cases is located in San Antonio, Texas; and a consolidation of related cases has already occurred in the Western District of Texas. Thus, Camden-on-Gauley concurs in the assessment that coordination of these cases should occur in the Western District of Texas.

**FACTUAL BACKGROUND**

Camden-on-Gauley is a federally qualified health center located in Camden-on-Gauley, West Virginia. (State of West Virginia, Division of Primary Care, *Facility Details*, https://dhhr.wv.gov/dpc/Services/Pages/facility.aspx?Facility=Camden-on-Gauley%20Medical%20Center,%20Inc (last accessed September 9, 2021)).

Camden-on-Gauley is being sued in these cases because it provided notification to 3,096 individuals—3,096—regarding the CaptureRx data security incident potentially affecting more than two million individuals. (*See* Case No. 2:21-cv-18 (N.D. W. Va.), D.E. 1, Not. of Rem. ¶ 19.)

1

In her putative nationwide class action complaint, plaintiff Kimberly Tignor alleges that "[o]n or about May 5, 2021, Defendant, NEC Networks, LLC, sent a medical data breach notice to Plaintiff describing activity wherein third parties unlawfully accessed Plaintiff's sensitive medical and personal identity information without a business need," which allegedly "resulted in Plaintiff's personal sensitive information being unlawfully exposed to third party or parties." (*See* Case No. 2:21-cv-18 (N.D. W. Va.), D.E. 1, Ex. A, *Tignor* Comp. ¶ 15.) Plaintiff Tignor further claims that this data security incident allegedly occurred because "CaptureRx failed to reasonably monitor its employees' conduct and failed to reasonably monitor systems to safeguard Plaintiff's personal sensitive information entrusted to it for protection." (*Id.*, ¶ 16.)

## ARGUMENT

Coordinating cases for pretrial proceedings is appropriate where doing so will "eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification, and conserve the resources of the parties, their counsel, and the judiciary." *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 325 F. Supp. 3d 1362, 1363–64 (J.P.M.L. 2018).

Camden-on-Gauley agrees with movants that coordination of pretrial proceedings is appropriate here, but disagrees as to location. Camden-on-Gauley favors coordination in the Western District of Texas because that district would best serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407.

CaptureRx is a Texas corporation. CaptureRx's headquarters are located in San Antonio, Texas, and its officers and employees are also based in San Antonio—a "stone's throw away" from the River Walk. *See* CaptureRx Website, available at https://www.capturerx.com/our-culture/ (accessed September 9, 2021) ("When your office building is located in the heart of downtown San Antonio, directly across from the Majestic Theatre – coming into 'work' isn't such a bad thing.

2

A stone's throw away from the River Walk and the Alamo, CaptureRx employees enjoy the proximity of these landmarks and all the benefits that brings.").

Thus, the core evidence and the key witnesses in the case—evidence regarding CaptureRx's data security practices, policies, and procedures, as well as the central evidence regarding the data security incident itself—are all going to reside in San Antonio, CaptureRx's principal place of business. *See id*. Moreover, each of the constituent cases to this multi-district litigation will involve the same CaptureRx witnesses and the same evidence in CaptureRx's possession or control, as the complaints make clear. For example, as set forth above, Tignor herself specifically alleges that "CaptureRx failed to reasonably monitor its employees' conduct and failed to reasonably monitor systems to safeguard Plaintiff's personal sensitive information entrusted to it for protection." (*See* Case No. 2:21-cv-18 (N.D. W. Va.), D.E. 1, Ex. A, *Tignor* Compl. ¶ 16.)

As such, the Western District of Texas, which convenes in San Antonio, is the most appropriate venue for transfer. *See In re Cotton Yarn Antitrust Litig.*, 336 F. Supp. 2d 1383, 1384 (J.P.M.L. 2004) (transferring to district of defendant's headquarters "because . . . documents and witnesses can likely be found in that district or in the vicinity"); *In re Charter Commc'ns, Inc., Sec. Litig.*, 254 F. Supp. 2d 1379, 1380–81 (J.P.M.L. 2003) (transferring to district in part because defendant's headquarters was located in that district); *see also, e.g., In re Falstaff Brewing Corp. Antitrust Litig.*, 434 F. Supp. 1225, 1230 (J.P.M.L. 1977) (same).

Notably, two cases against CaptureRx have already been consolidated in the Western District of Texas—*Daisy Trujillo v. NEC Networks, LLC, et al.*, Case No. 5:21-cv-00523, and *Vereen v. NEC Networks, LLC d/b/a CaptureRX et al*, Case No. 5:21-cv-00536. No district has more than two of the eight related cases filed in it, and movants' proposed venue of Western Missouri has only one case filed. These numbers provide further support for coordination in the

Western District of Texas. *See In re Conseco Life Ins. Co. Cost of Ins. Litig.*, 323 F. Supp. 2d 1381, 1383 (J.P.M.L. 2004) (transferring to district where plurality of actions were pending).

For the foregoing reasons, Camden-on-Gauley agrees that the panel should transfer the scheduled actions, and any subsequently-filed tag-along actions, for consolidated pre-trial proceedings, but that it should do so to the United States District for the Western District of Texas.

| | |
|---|---|
| September 9, 2021 | Respectfully submitted, |
| | /s/ David A. Carney |
| | David A. Carney |
| | BAKER & HOSTETLER LLP |
| | 127 Public Square, Suite 2000 |
| | Cleveland, Ohio 44114 |
| | Telephone: (216) 621-0200 |
| | Fax: (216) 696-0740 |
| | dcarney@bakerlaw.com |
| | |
| | *Attorney for Interested Party Camden-on-Gauley Medical Center, Inc.* |