UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NEC NETWORKS, LLC D/B/A
CAPTURERX CUSTOMER DATA
SECURITY BREACH LITIGATION                                           MDL No. 3018

ORDER DENYING TRANSFER

**Before the Panel**:[*] Plaintiff in an action pending in the Western District of Missouri moves under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Missouri. This litigation consists of eight actions pending in five districts, as listed on Schedule A. Since the motion was filed, the parties have notified the Panel of three related federal actions pending in two districts. Plaintiffs in the Northern District of California action suggest centralization in the Northern District of California.

Responding defendants[1] suggest centralization in the Western District of Texas. The remaining responding plaintiffs oppose centralization. Plaintiffs in the Northern District of West Virginia actions alternatively request the Panel delay its ruling until the Northern District of West Virginia rules on their motions for remand to state court. Responding plaintiffs in the Western District of Texas actions alternatively support centralization in the Western District of Texas.

On the basis of the papers filed and the hearing session held,[2] we will deny the motion. These putative class actions involve common questions of fact arising from an alleged February 2021 data security breach of CaptureRx's electronic files, which resulted in the exposure of personal information belonging to certain patients of CaptureRx's healthcare provider clients,

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Walmart (Walmart Inc. and Wal-Mart Stores East, LP), NEC Networks, LLC d/b/a CaptureRX (CaptureRx), Rite Aid (Rite Aid Corp. and Rite Aid Hdqtrs. Corp.), and Camden-on-Gauley Medical Center, Inc. (Camden-on-Gauley). Defendant Davis Health System, Inc., did not file a response to the motion for centralization but filed a supplemental brief disputing the Northern District of West Virginia plaintiffs' assertion that, because they dismissed their claims against CaptureRx, their actions should not be included in an MDL.

[2] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of December 2, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 3018 (J.P.M.L. Nov. 15, 2021), ECF No. 70.

- 2 -

including defendants Rite Aid, Walmart, and Camden-on-Gauley. But we are not persuaded that centralization at this time is necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. Shortly before the Panel's hearing, plaintiffs in the consolidated Western District of Texas actions notified the Panel that the parties to those actions had reached a class-wide settlement following mediation. Centralization at this time is premature and could delay a class-wide settlement with little or no benefit to the parties and putative class members. *See In re Hyundai & KIA GDI Engine Mktg., Sales Practices, & Prods. Liab. Litig.*, 412 F. Supp. 3d 1341 (J.P.M.L. 2019) (declining to centralize actions where a settlement-in-principle purporting to resolve most claims had been reached). If, as CaptureRx predicts, certain plaintiffs who have not yet participated in settlement discussions wish to object to or opt out of the proposed settlement, then there are suitable mechanisms in place by which they may do so without the need for centralization. *See In re Pilot Flying J Fuel Rebate Contract Litig.*, 959 F. Supp. 2d 1373, 1374 (J.P.M.L. 2013).

Movant, who continues to advocate for centralization at this time, argues that the proposed settlement cannot resolve the claims against all defendants. We decline to grant centralization on the basis of speculation about what claims will remain if this settlement ultimately is approved. *See In re Wells Fargo Mortg. Modification Litig.*, 437 F. Supp. 3d 1379, 1380 (J.P.M.L. 2020) ("[T]he proposed class settlement may resolve at least some claims in this litigation . . .. We, therefore, cannot speculate what claims would remain after completion of a class settlement."); *In re Pilot Flying J*, 959 F. Supp. 2d at 1374 ("It is not possible to predict the contours of the litigation, and whether centralization will be beneficial, if and after the settlement is granted final approval."). In the event the settlement is not approved, and significant pretrial proceedings are required and alternatives to Section 1407 centralization prove to be unsuccessful, then it may be that a more persuasive case for centralization could be made. But on the facts now before us, we are not persuaded that the possible benefits of centralization outweigh its potential to interfere with the resolution of some claims in this litigation.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Karen K. Caldwell*

Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Dale A. Kimball |
| Roger T. Benitez | Madeline Cox Arleo |

**IN RE: NEC NETWORKS, LLC D/B/A
CAPTURERX CUSTOMER DATA
SECURITY BREACH LITIGATION**                                                   MDL No. 3018

## SCHEDULE A

<u>Northern District of California</u>

MENDOZA v. NEC NETWORKS, LLC, ET AL., C.A. No. 3:21−06146

<u>Western District of Missouri</u>

D.W. ET AL. v. WALMART INC., C.A. No. 4:21−00363

<u>Western District of Pennsylvania</u>

BIDDLE v. THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER, ET AL.,
    C.A. No. 2:21−00815

<u>Western District of Texas</u>

DAISY TRUJILLO v. NEC NETWORKS, LLC, ET AL., C.A. No. 5:21−00523
VEREEN v. NEC NETWORKS, LLC D/B/A CAPTURERX, ET AL.,
    C.A. No. 5:21−00536
CAMACHO, ET AL. v. NEC NETWORKS, LLC, ET AL., C.A. No. 5:21−00979

<u>Northern District of West Virginia</u>

TIGNOR v. CAMDEN-ON-GAULEY MEDICAL CENTER, INC., ET AL.,
    C.A. No. 2:21−00018
NEWMAN v. DAVIS HEALTH SYSTEM, INC., ET AL., C.A. No. 2:21−00019